**Isai V. GOMEZ; Alicia Vasquez Gomez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73765.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

J. Hernando Prado, Esq., Law Offices of J. Hernando Prado, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Esq., DOJ—

U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Isai V. Gomez and his wife Alicia Vasquez Gomez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The petitioners' contention that the IJ improperly considered Isai V. Gomez's removal when analyzing whether his wife had shown hardship, does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The petitioners contend the IJ violated due process by refusing to hear the testimony of a teacher regarding their oldest child's learning disability. Contrary to the petitioners' contention, the proceedings were not "so fundamentally unfair that [they] [were] prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, the petitioners failed to demonstrate the additional testi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

mony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We do not consider the petitioners' contentions regarding physical presence, because their failure to establish hardship is dispositive.

Finally, the petitioners' due process challenge to streamlining is unavailing because the BIA did not streamline her appeal. To the extent the petitioners contends the BIA did not adequately explain its decision, we do not reach the contention because we lack jurisdiction to review the merits of the decision. *See Fernandez v. Gonzales,* 439 F.3d 592, 604 (9th Cir.2006) (because court lacks jurisdiction to review hardship determination, court will not evaluate whether hardship determination was adequately explained).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.